**Milton R. BARRIE, Joan Wolf and Lisa Wolf and First National Builders, Inc., Plaintiffs,**

v.

**Peter JACOBS and Steven H. Deutsch, as partners doing business under the name of Jacobs & Deutsch, Defendants.**

**Nos. 85 Civ. 8842, 85 Civ. 8844 and 85 Civ. 8846.**

United States District Court, S.D. New York.

May 23, 1989.

Charles N. Maybruck, New York City, for plaintiffs.

Jacobs & Deutsch, Robert A. Soloway, New York City, for defendants.

Michael J. Siris, New York City, for defendant Peter Jacobs.

## MEMORANDUM AND ORDER

OWEN, District Judge:

Peter Jacobs, the defendant in these three actions, moves for a transfer of the actions to bankruptcy court in Maryland and/or for disqualification of plaintiffs' at-

torney on the ground that he is a potential witness at trial.

Jacobs is an attorney who allegedly acted as general counsel to Universal Cosmetics Corporation, the defendant in three related actions before this Court which are now stayed due to Universal's proceedings before the bankruptcy court in Maryland. The plaintiffs allege that Jacobs, although he knew or should have known that Universal's stock offering violated the securities laws, "aided and abetted Universal Cosmetics Corporation in selling its stock," Barrie Complaint at ¶ 14, and "had an obligation and duty to advise [plaintiff] that said offering plan was illegal and in violation of the Securities Act, and failed to do so." *Id.* at 18.

■ In seeking to transfer the three actions, Jacobs claims that they are sufficiently connected to Universal's bankruptcy estate that the Maryland bankruptcy court has jurisdiction under 28 U.S.C. § 1334(b). As evidence of relatedness, he states that he will seek indemnification from Universal if plaintiffs should prevail against him in these actions. Therefore, he claims to meets the test for relatedness because "the outcome of [this] proceeding could conceivably have [an] effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (citing cases).[1] However, the facts here are analogous to those in *Pacor;* in that case, Pacor, a supplier of asbestos products named as a defendant in an action by Higgins, an injured asbestos worker, sought to remove the action to the bankruptcy court which was administering the estate of Manville, the asbestos manufacturer/debtor. In language highly pertinent to the instant matter, the *Pacor* court denied defendant Pacor's motion, stating:

At best, [the Pacor–Manville controversy] is a mere precursor to the potential third party claim for indemnification.... Yet the outcome of the Higgins–Pacor action would in no way bind Manville, in

[1] The *Pacor* articulation of relatedness is broader than the test set forth in *In re General Oil Distributors, Inc.,* 21 B.R. 888, 892 n. 13 (Bankr. E.D.N.Y.1982) (finding jurisdiction "only where the action clearly involved property of the estate

... or where a determination of the controversy is required for the proper administration or reorganization of the estate....") (citations omitted). Clearly, the facts here do not satisfy the latter articulation.

that it could not determine any rights, liabilities, or course of action of the debtor.... Even if the Higgins–Pacor dispute is resolved in favor of Higgins (thereby keeping open the possibility of a third party claim), Manville would still be able to relitigate any issue, or adopt any position, in response to a subsequent claim by Pacor....

[A]ny judgment received by the plaintiff Higgins could not itself result in even a contingent claim against Manville, since Pacor would still be obligated to bring an entirely separate proceeding to receive indemnification....

In this case,... there would be no automatic creation of liability against Manville on account of a judgment against Pacor. Pacor is not a contractual guarantor of Manville, nor has Manville agreed to indemnify Pacor, and thus a judgment in the Higgins–Pacor action could not give rise to any automatic liability on the part of the estate. All issues regarding Manville's possible liability would be resolved in the subsequent third party impleader action.

*Id.* at 995.

In *In re Salem Mortgage Co.*, 783 F.2d 626 (6th Cir.1986), the court, in distinguishing *Pacor*, found that bankruptcy court jurisdiction existed over adversary proceedings involving reformation of mortgages, because the resolution of mortgagors' claims against debtor mortgage brokers would have direct effects on the bankruptcy estate. *Id.* at 634. There is no comparable "intertwining" of bankruptcy and other claims here. *See id.* at 635.

Even though Jacobs, unlike Pacor, did file an indemnification claim in the Universal bankruptcy proceeding, this claim is identical to the relief Jacobs intends to seek before this Court and is thus wholly dependent on the outcome of these proceedings. Jacobs cannot be considered a "creditor" of Universal in the usual sense, and accordingly, as in *Pacor*, "[a]ny judgment obtained would thus have no effect on the arrangement, standing, or priorities of Manville's creditors. There would therefore be no effect on administration of the estate, until such time as [defendant] may choose to pursue its third party claim." *Id.* at 995–96. In light of all of these circumstances, the motion to transfer plaintiffs' actions against Jacobs to the bankruptcy court is denied.

Defendant also moves to disqualify plaintiffs' attorney, Mr. Maybruck, from representing plaintiffs at trial. He states that, since the attorney represented the plaintiffs at meetings during which the offering plans giving rise to the instant actions were negotiated, he may well be called as a witness either by his own clients or by defendants, and he should therefore be barred from continued representation of plaintiffs under Model Code of Professional Responsibility DR 5–102(A) and/or (B); *see also* Barrie Complaint at ¶ 19.

In determining whether an attorney is to be disqualified from continued representation under DR 5–102, the denial of a party's right to representation by an attorney of his choosing must be weighed against the inconsistencies and unfairness that result when an attorney acts as both advocate and witness. *S & S Hotel Ventures v. 777 S.H. Corp.*, 69 N.Y.2d 437, 443–45, 515 N.Y.S.2d 735, 738–39, 508 N.E.2d 647, 650–51 (1987); *Munk v. Goldome National Corp.*, 697 F.Supp. 784, 787 (S.D.N.Y.1988). In considering hardship to the client, the court must prevent DR 5–102 from being used as a trial tactic causing increased litigation costs and/or additional delay. *Munk, supra*, 697 F.Supp. at 788. Significantly, disqualification is required when the attorney's testimony is likely to be "strictly necessary," and not merely "relevant" or "highly useful." *S & S., supra*, 515 N.Y. S.2d at 739, 508 N.E.2d at 651.

There is no doubt that Mr. Maybruck's testimony would be relevant and useful to either or both parties in this action. He has firsthand knowledge of defendant's role in the transactions at issue as a result of his presence at various meetings between the parties and is also aware of his clients' level sophistication, both of which are significant issues in these actions. However, the plaintiffs' degrees of knowledge regarding investments may be assessed through direct and cross examina-

tion, and plaintiffs, who participated in meetings and discussions, have firsthand knowledge themselves and will presumably be able to testify at trial as to their version of events. Moreover, it is not alleged that plaintiffs' attorney himself drafted the documents involved in this dispute. *Cf. Lamborn v. Dittmer*, 873 F.2d 522, 530–532 (2d Cir.1989) (where attorney himself suggested mode of operation of partnership, and testimony in this regard would be materially damaging to client and not merely cumulative, case remanded to district court to reconsider disqualification motion). In addition, this motion has been made on the eve of trial, and long after the attorney began his representation of these clients.

In weighing the competing concerns, testimony by plaintiffs' attorney, although useful, would not be "otherwise unobtainable," *Munk, supra*, 697 F.Supp. at 787, or strictly necessary, *S & S, supra*, 515 N.Y. S.2d at 739, 508 N.E.2d at 651. Significantly, his conduct as plaintiffs' attorney is not at issue in the case, *Munk, supra*, 697 F.Supp. at 788. Accordingly, defendant's motion to disqualify plaintiffs' attorney is denied.

So ordered.